## A. L. RAY *v.* DAVID PROFFET *et al.*

1. SURETY. *Debtor. Collateral security.* An indemnity or collateral security, given by a debtor to his surety, inures to the benefit of the creditor, who may subject it in equity without even a judgment against the debtor.

2. TRUSTS. *Suit by the ultimate receiver of the money.* The person for whose benefit a trust is created, who is to be the ultimate receiver of the money, may sustain a suit in equity to have it paid directly to himself.

3. COURTS OF OTHER STATE. *Presumption of regularity.* Where a judgment rendered by a court of another State is regular upon its face, the presumption is in favor of its validity and regularity. It need not affirmatively appear that the parties were all served with notice.

### FROM UNICOI.

Appeal from the Chancery Court at Erwin. H. C. SMITH, Ch.

S. J. KIRKPATRICK and WEBB & McCLUNG for complainant.

I. E. REEVES and H. H. INGERSOLL for defendants.

COOKE, J., delivered the opinion of the court.

Complainant, A. L. Ray, and the respondents, Proffet and Edwards, were the sureties of one Solomon M. Ray, upon his official bond as sheriff of Yancey county, North Carolina, for some years preceding and up to 1860. Said sheriff embezzled a large amount of monies which he had .collected as

such, and fled to Tennessee, where he invested about $4,500 of said funds in a tract of land. A number of judgments were taken against said defaulting sheriff and his said sureties in Yancey county, North Carolina, a portion of which were paid by said sureties, or some of them, but, perhaps, the larger portion of them remained unpaid.

Said sureties, Proffet, A. L. Ray and Edwards, in 1869, came to Tennessee, by their agent, and filed a bill against the heirs of Solomon M. Ray, who, in the meantime, had died, alleging that said land was purchased by said Solomon M. Ray with monies that he had collected and embezzled as sheriff, and for which they, as his sureties, had been held liable, some portions of which, they alleged, they had paid, and were liable for the residue as his sureties, and seeking to have said tract of land attached, and held subject to their reimbursement for what they had actually paid, and their indemnification for the debts for which they were liable, or the satisfaction of the same. In August, 1873, a compromise decree was rendered in said cause, by which the complainants recovered three-fourths of said land. This suit had been instituted and prosecuted by one Hensely—as the agent of the complainants—who was the son-in-law of Proffet, and by the same decree it was recited that it appeared " that complainant, David Proffet, had paid the whole of the debts against S. M. Ray, the right to said three-fourths of said tract of land is hereby vested in him;" and partition of said tract of land was made between said Proffet and the heirs

of S. M. Ray, and the title to the lands thus assigned to respondent, Proffet, vested in him. Thereupon, A. E. Jackson, who had obtained a judgment against said sheriff and his said sureties in Yancey county, North Carolina, filed his bill against said Proffet as one of said sureties and one of the defendants in his said judgment, attaching said land, and seeking to subject it to the satisfaction of the same. This cause was litigated for a considerable time, and finally a decree was rendered in favor of Jackson, subjecting the land to sale for the satisfaction of his judgment, and which decree was affirmed on appeal by this court at the September term, 1877, and on November 26, 1877, the original bill in this case was filed by complainant, A. L. Ray, against Proffet and Edwards and Jackson, alleging that the liabilities against said sureties had not, in fact, all been paid by said Proffet, that he, complainant, had paid a large portion of the same, and that the procurement of said decree, vesting the title to said land exclusively in Proffet, was a fraud upon him, and asking that the same be set aside, an account taken, and his interest declared in said land in proportion to the amount of said debts so paid by him, etc. In this bill he also alleged that the object of said original bill filed against Ray's heirs by said sureties was to indemnify themselves from the liabilities they were under as such sureties, and to reimburse themselves for such as they had already paid. The sale of said land, under the decree of this court, in the case of Jackson against Proffet was enjoined.

Proffet denied by his answer the fraud alleged, and also denied that complainant, A. L. Ray, had paid any portion of said liabilities, but to avoid the same he avers he had fraudulently disposed of all his property in North Carolina and become insolvent, and insists that he, Proffet, had paid all of said liabilities which had been paid by any of said sureties. Jackson, by his answer, avers that said S. M. Ray, as sheriff, had collected and embezzled monies due him, and for which he had obtained a judgment against said sheriff and the complainant, as well as Proffet and Edwards as his sureties; that his money thus embezzled by said S. M. Ray was a part of the monies with which he purchased said land. He also insists, in substance, that as the object of the bill under which the title to the land was decreed to Proffet was not only to reimburse the sureties for debts which they had paid, but to indemnify them against other liabilities still existing against them as such, and as his judgment was at the time one of these very liabilities, the vesting the title in Proffet, under the objects of the bill, carried with it a trust in favor of the creditors, and gave him an equity in the land, to the extent of his debt, which his bill and attachment fastened upon the land, the legal title being in Proffet, and gave him a superior equity to any complainant might have; and, also, that he is entitled as one of the creditors of said sheriff, S. M. Ray, for the indemnity against whose debts the land was attached by said sureties, to have said land or its proceeds applied directly to the satisfaction of his

debt as a security for the same in the hands of said sureties.

He also filed a cross-bill in which he substantially assumes the same ground, and alleges that, as his judgment was against the complainant and Edwards, as well as Proffet, if by any means the complainant should be held to have any interest in the land, that the same be held subject to the satisfaction of said judgment. Complainant, A. L. Ray, by his answer to this cross-bill, denies that Jackson recovered any judgment against him, but if he did, he says, it was more than ten years before the filing of his cross-bill, and pleads and relies upon the statute of limitations of ten years as a bar to any recovery upon said judgment.

The injunction was dissolved pending the litigation in the chancery court, and the land sold under Jackson's decree of sale in this court, and purchased by him at a sum less than the amount of his judgment, interests and costs. The sale has been confirmed, and the title to the land vested in him.

The chancellor decreed that complainant, Ray, was entitled to the relief sought by his bill; that the recovery was for the benefit of the sureties jointly, and for their indemnity, and the taking the title in the name of Proffet was a fraud upon the rights of complainant, and ordered an account to ascertain what amount of debts or liabilities of said sheriff had been paid by each of said sureties, and decreed them entitled to the land in the proportion in which they had paid debts for which they were so liable, and that Proffet should be held liable for rents during

the time he held the land in possession to the other sureties in proportion as their interests should appear in said land; that Jackson was not entitled to any relief upon his cross-bill as against Ray, and dismissed it as to him; but that he was entitled, by virtue of his proceeding against Proffet, to whatever interest Proffet may appear to have in said land; that Jackson was liable upon his refunding bond, executed by him upon the dissolution of the injunction, for whatever damages complainant may have sustained, etc., and ordered an account, etc.

From this decree both Jackson and Proffet have appealed.

The Referees have reported that the chancellor's decree should be affirmed; the exceptions to which open the whole case.

The judgment recovered by Jackson against said sheriff, S. M. Ray, and his sureties, David Proffet, John Edwards, A. L. Ray, and one Gordon, was, upon January 22, 1861, in the court of pleas and quarter sessions of Yancey county, North Carolina, for the sum of $589.95. It is objected that this judgment is not properly authenticated, inasmuch as it does not affirmatively appear anywhere that the defendants were served with notice. The judgment is regular upon its face, and is duly and properly certified by the proper officials of North Carolina as a judgment of that court, and the presumption is in favor of its validity and its regularity. The clerk of that court, in addition to his certificate required by law, also certifies that the files of papers, such as writs, etc.,

were destroyed by the war. There is proof by the sheriff, and the attorney who took the judgment, tending to show that said A. L. Ray was actually served with process, but how this is, it is unnecessary to inquire. As before stated, the presumption is in favor of the regularity of the proceedings of said court in accordance with the laws of North Carolina, and the existence of said judgment is satisfactorily shown. This brings us to the more important question as to the right of said Jackson, as a judgment-creditor of said sheriff, S. M. Ray, and his said sureties, to subject the property of the principal in the hands of said sureties for their indemnity against said debt directly to its satisfaction.

In the case of *Breedlove et al.* v. *Stump et al.,* 3 Yer., 257, it was held that an indemnity or collateral security, given by a debtor to his surety, inures to the benefit of the creditor, who may subject it in equity without even a judgment against the debtor. In that case the court adopts the language of a decision in 7 Cranch, 97, in which they say: "It is settled in this court that the person for whose benefit a trust is created, who is to be the ultimate receiver of the money, may sustain a suit in equity to have it paid directly to himself." This language was again quoted and approved, and the principle decided, in *Saylors* v. *Saylors et al.,* 3 Heis., 530. The original bill having been filed to secure the land as the property of Solomon M. Ray, for the indemnity of the sureties against the liabilities they were under as such for the debt of Jackson and others, as well as

their reimbursement for sums already paid, and it having been recovered in that right, and the title taken in Proffet, an 'equity or trust did attach to it for these purposes, and the legal title being in Proffet, Jackson had a right to attach it in his hands, and have it subjected to the satisfaction of his judgment: 2 Cold., 407; 5 Cold., 396. And so far as the right of Ray to reimbursement, so far as he had already paid the debts of other creditors of S. M. Ray is concerned, without reference to Jackson's judgment as against him, his equity could at most be only equal to that of Jackson, and Jackson having seized the land by virtue of his attachment, subjected it to sale, and acquired the legal title, has, even so far as this branch of the case is concerned, the better position. Where equities are equal the law must prevail. Ray therefore has no equity which he can enforce as against Jackson, even if admitted to the best attitude that can be assumed for him in this case. But he waited about four years after Proffet's recovery in the chancery court, and the filing of Jackson's attachment bill, and until ten years had elapsed after the recovery of Jackson's judgment on him and others, before he took any steps or made any complaint of said judgment or proceedings, and there are very strong grounds to suspect that his object in doing so was to enable him to interpose the statute of limitations of North Carolina of ten years as a bar to Jackson's judgment against him. It would be a very grave question whether he should be allowed to plead the statute under such circumstances, if it were necessary to de-

cide it, but the view we have taken of the case renders this unnecessary.

It is insisted, however, that although Ray may not be entitled, as against Jackson, to any of the equities set up by his bill, yet as he was no party to Jackson's bill against Proffet, under which the land was sold, we ought now to set aside the sale, and order the land to be resold for the satisfaction of Jackson's decree. We are unable to see how this could be done; but as we have seen, Ray, if he had been a party to said bill, had no equity which he could have enforced as against Jackson, and Jackson having seized the legal title in the hands of Proffet, who held it, coupled with a trust in his favor as a creditor of S. M. Ray, and having, by virtue of his decree against Proffet, and sale, and his purchase thereunder, become possessed of the legal title, and his equities superior, or at least equal, to any that can exist in favor of Ray, will be permitted to hold it. It is said in argument that the land was sold for an inadequate price, and for that reason the sale ought to be set aside. There is no proof as to the value of the land, except that S. M. Ray gave $4,500 for the entire tract in 1862, if this can be taken as any evidence of its value in 1878, when Jackson purchased it. He gave for three-fourths of the tract between $1,100 and $1,200, which was, as we have seen, less than the amount of his judgment and interest. But this would afford no grounds for setting aside the sale, as the land was sold at public judicial sale, by the clerk of this court, under a decision

rendered by it, and purchased by Jackson, the report of sale confirmed, and the title decreed to him.

The exceptions to the report of the Referees as to this branch of the case will be sustained, and the decree to Jackson will be reversed, and the original bill as to him dismissed. In the view we have taken of the case there was no necessity for the cross-bill of Jackson, though it was, as a matter of pre-caution, proper to file it. As to the equities between Ray and Proffet, we think the taking the title to Proffet in the original suit was in fraud of the rights of Ray, as the proof, we think, shows that Ray had paid some small amounts upon the liabilities of said sheriff, and that Proffet had not paid all of said liabilities by any means, and perhaps no very great amount of them, but the greater portion of such as were paid was with means obtained from other sources, and as between them the decree of the chancellor was correct, and will be affirmed.

The complainant, Ray, will pay one-half the costs of this cause in this court, and the respondent, Proffet, the other half. The costs of the chancery court will be paid equally by complainant, Ray, and the respondents, Proffet and Jackson, one-third each.